HUNTON ANDREWS KURTH LLP
ANDREA R. CALEM (SBN 125587)
ACalem@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202-955-1500
Facsimile: 202-778-2201

HUNTON ANDREWS KURTH LLP
MATTHEW BOBB (SBN 253308)
MBobb@HuntonAK.com
D. ANDREW QUIGLEY (SBN 280986)
AQuigley@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant
Smithfield Packaged Meats Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONOR MENDEZ<br><br>            Plaintiff,<br><br>      vs.<br><br>SMITHFIELD PACKAGED MEATS CORP., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.:<br><br>**DEFENDANT SMITHFIELD PACKAGED MEATS CORP'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>[*Filed Concurrently with Civil Cover Sheet, Declaration of Roxanne Talman, Notice of Interested Parties, and Notice of Related Case*]<br><br>Complaint Filed:   March 4, 2020 |

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Smithfield Packaged Meats Corp. ("Defendant") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the state court action described below.  In support thereof, Defendant states as follows:

On or about March 4, 2020, Plaintiff Leonor Mendez filed an action against Defendant, which is currently pending in the Superior Court for the State of California, County of Los Angeles, as Case No. 20STCV08982, *Leonor Mendez v. Smithfield Packaged Meats Corp.,* and *DOES 1 through 50, inclusive* (the "Action"). Plaintiff served Defendant with the Summons and Complaint for Damages (the "Complaint") on March 9, 2020.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached as **Exhibit A**.

On April 6, 2020, Defendant filed its Answer to the Complaint in Los Angeles County Superior Court.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached as **Exhibit B**.

As set forth more fully below, the Action is one which Defendant may remove to this Court under 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(a).  There is complete diversity among all parties (see Section II.A. below) and the amount in controversy exceeds $75,000, exclusive of interest and costs (see Section II.C. below).

## I.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

1.     Plaintiff served Defendant with the Summons and Complaint on March 9, 2020.  Because Defendant filed its Notice of Removal within 30 days of that date, the Notice of Removal is timely.  See 28 U.S.C. § 1446(b).

1

2.    Venue lies in the United States District Court for the Central District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district.  See 28 U.S.C. § 1441(a).

3.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached hereto as follows:

      a.    Exhibit A – Plaintiff's Summons and Complaint

      b.    Exhibit B – Defendant's Answer.

4.    Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

5.    The Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Action is removable because there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional minimum.  Therefore, removal is proper under 28 U.S.C. § 1441 in that:

**A.    The Diversity of Citizenship Requirement is Satisfied Because the Properly Joined Parties Are Diverse**

6.    Plaintiff is a citizen and resident of the State of California.  (See Compl. ¶ 1.)

7.    Defendant Smithfield Packaged Meats Corp. is a citizen of Virginia and Delaware, and is not a citizen of the State of California.  (Declaration of Roxanne Talman ("Talman Decl.") ¶ 2.)  A corporation is a citizen of every State by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80; 130 S.Ct. 1181, 1185 (2010).  Defendant is a Delaware corporation with its principal place of business in the State of Virginia.  (Talman Decl. ¶ 2.)  The phrase "principal place of business" in

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp*., 559 U.S. at 92–93; 130 S.Ct. at 1192–93. Defendant's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Virginia. (Talman Decl. ¶ 2.) Thus, Defendant is a citizen of the states of Virginia and Delaware, and not California.

8. Because Plaintiff is a citizen of California and Defendant is not a citizen of California, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

**B.    The Amount in Controversy Requirement Is Satisfied**

9. The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000) exclusive of interest and costs. A defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions. *Dart Cherokee Basin Operating Company, LLC v. Owen*, 135 S. Ct. 547, 553–54 (2014). The preponderance of the evidence standard applies only after "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof." *Id.* at 554. Defendant may support federal jurisdiction by: (1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; (2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or (3) submitting an affidavit showing that the amount-in-controversy is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same).

10. In her Complaint, Plaintiff alleges that her employment with Defendant was terminated on November 4, 2019, approximately five months ago. (Complaint ¶ 17.) Plaintiff seeks compensatory damages, including past and future lost income and benefits (*i.e.*, back pay and front pay), damages for emotional distress, punitive

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

damages, and interest.  (Complaint ¶¶ 27-28, 37-38, 49-50, 58-59, 67-68, 74-75; Prayer for Relief.)  Plaintiff also seeks penalties and attorneys' fees. (Complaint ¶¶ 29-30, 39-40, 51-52, 60-61, 69-70, 76-77; Prayer for Relief.)  As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.[1]

11.     Although Plaintiff does not specifically state an amount-in-controversy on the face of her Complaint, there is more than the requisite $75,000 at issue. Plaintiff alleges she separated from Defendant on November 4, 2019. (Complaint ¶ 17.)  At the time of her alleged separation from Defendant, Plaintiff was a full-time employee, scheduled to work approximately 40 hours per week, and was earning $14.10 per hour.  (Talman Decl. ¶ 4.)  Based on these figures, Plaintiff had the potential to earn approximately $29,328 annually as of the date of her alleged separation of employment.[2]  Based on her potential wages of $29,328 per year, and assuming Plaintiff can prove, as she claims, that she would have continued to work for Defendant from the date of her separation to the present (a period of approximately 5 months) but for Defendant's alleged conduct, Plaintiff's claim for alleged lost wages to date would equal approximately $12,220. [3]  *See Simmons*, 209 F. Supp. 2d at 1031–32 (noting plaintiff's "lost wages at time of removal totaled $25,600" because of a monthly salary of $2,560 and length of time of approximately 10 months since discharge, which was relevant to finding that amount in controversy was satisfied).

[1] Defendant offers these calculations only for purposes of establishing the propriety of removal.  Defendant offers these calculations subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Complaint.

[2] Calculated as follows: 40 hours / week x 52 weeks / year x $14.10/ hour.

[3] Calculated as follows: $29,328 per year / 12 months x 5 months.

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

12. It is also reasonable to assume that Plaintiff will claim alleged lost wages from the present until the time of trial, which could reasonably be estimated to take one year but most likely would take longer due to the COVID-19 pandemic. Lost wages from the present until the time of trial would, therefore, equal at least **$29,328** – her annual wages. In *Simmons*, the court denied a plaintiff's motion to remand based in part on an estimate of the plaintiff's lost wages after the date of removal. There, the plaintiff had lost wages of $25,600 during the 10 months from the date of termination through removal, and the court held that it was "reasonable to expect" additional damages through trial to "exceed $25,600." 209 F. Supp. 2d at 1029. In *James v. Childtime Childcare, Inc.*, the court held that the defendant had satisfied the amount in controversy requirement because "[b]eyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorney's fees." No. Civ. S-06-2676, 2007 WL 1589543 at *2 (E.D. Cal. June 1, 2007). The court further explained that, in addition to evaluating lost wages at the time of removal, courts also "consider both past and future lost wages." *Id.* at n. 1; *see also Kok v. Kadant Black Clawson, Inc.*, 274 Fed. Appx. 856, 857-58 (11th Cir. 2008) (affirming district court's determination that the defendant established damages in excess of the amount in controversy requirement by calculating the plaintiff's back pay from the date of termination through the date of trial); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fl. 2011) ("It appears that back pay for purposes of the amount in controversy requirement shall be calculated to the date of trial."); *Sanders v. Legett & Platt, Inc.*, No. 3:10-CV-00979-M, 2010 WL 3282978, at *2 (N.D. Tex. Aug. 17, 2010) ("Backpay. . . is calculated through the date of the judgment."); *Bayor v. Wal-Mart Corp.*, No. 08-12401, 2008 WL 3200022 at *5 (E.D. Mich. Aug. 6, 2008) (finding the defendant's amount in controversy calculation reasonable where "potential back pay

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

awards are based upon what a plaintiff would have earned from the time of termination until the time of trial").

13. Here, Defendant reasonably believes that Plaintiff will claim alleged back pay through trial. Thus, the amount in controversy for Plaintiff's unpaid wages alone, based on Plaintiff's Complaint, would be $**41,548**.[4]

14. Plaintiff also claims she suffered mental and emotional distress and aggravation. (Complaint ¶¶ 28, 38, 50, 59, 68, 75.) Emotional distress damages are properly considered when calculating the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1034. ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."); *see also James v. Childtime Childcare, Inc.,* 2007 WL 1589543 at \*2 (E.D. Cal. June 1, 2007); *Cain v. Hartford Life & Accident Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."). Even a conservative estimate of Plaintiff's claim for emotional distress damages would place Plaintiff well over the $75,000 threshold. For instance, in *Kroske v. U.S. Bank Corporation*, 432 F.3d 976, 980 (9th Cir. 2005), *cert denied*, 127 S. Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of the City of L.A.*, 85 Cal. App. 4th 236, 240-41 (2000) (affirming

---

[4] Calculated as follows: $12,220 (alleged lost wages to date) + $29,328 (additional lost wages between now and trial).

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Ins. Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991); *Watson v. Dep't of Rehab.*, 212 Cal. App. 3d 1271, 1294-1295 (1989) (affirming over $1 million for emotional distress damages and medical expenses in discrimination case); *Iwekaogwu v. City of L.A.*, 75 Cal. App. 4th 803, 821 (1999) (affirming $450,000 award for emotional distress based on discrimination and retaliation claims); *see also Simmons*, 209 F. Supp. 2d at 1034 (collecting cases).  In the present case, although Defendant denies that Plaintiff should be able to recover any emotional distress damages against Defendant, as in *Kroske*, Defendant conservatively estimates that the minimum value of Plaintiff's emotional distress claims can be estimated to be at least **$25,000** for purposes of calculating the amount in controversy in this action.

15.     Additionally, Plaintiff seeks attorneys' fees.  (*See, e.g.,* Complaint ¶¶ 29, 39, 51, 60, 69 and Prayer for Relief.) Attorneys' fees are considered when determining the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Without conceding Plaintiff may recover attorneys' fees, applying a conservative estimate that Plaintiff will seek attorneys' fees equal to twenty-five percent of Plaintiff's estimated lost wages and emotional distress damages ($66,548)[5], those potential attorneys' fees sought by Plaintiff could exceed $**16,637**[6]. And it is likely that Plaintiff will seek more than this amount in fees.  *Simmons*, 209 F. Supp. 2d at 1035 (finding that satisfaction of jurisdictional minimum is facially apparent from plaintiff's state court complaint for employment discrimination because, "[w]hile attorneys' fees alone would not necessarily exceed $75,000, when viewed in

[5] Calculated at $41,548 + 25,000.
[6] Calculated at 25% of $66,548.

7

combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied"); *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy).

16. It is reasonable, therefore, to conclude that the amount in controversy exceeds the jurisdictional minimum even based on the following conservatively estimated amounts likely sought by Plaintiff (not even accounting for punitive damages):

| | | | |
|---|---|---|---|
| a. | Alleged lost wages to date: | $12,220 |
| b. | Alleged lost wages through trial: | $29,328 |
| c. | Estimated emotional distress damages: | $25,000 |
| d. | Estimated attorneys' fees: | $16,637 |
| e. | **Total amount in controversy:** | **$83,185** |

17. Finally, Plaintiff seeks punitive damages. (*See, e.g.* Complaint ¶¶ 30, 31, 40, 52, 53, 61, 62, Prayer for Relief.) The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). *See also James v. Childtime Childcare, Inc.,* 2007 WL 1589543 at *2 (E.D. Cal. June 1, 2007); *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). The amount in controversy may include punitive damages where, as here, the plaintiff asserts a claim for wrongful termination in violation of public policy. *See Rodriguez v. Home Depot, USA, Inc.*, Case No. 16-cv-01945-JCS, 2016 WL 3902838, at *5–6 (N.D. Cal., July 19, 2016) ("Punitive damages are available for common law claims for wrongful termination in violation of public policy. . . . Because Plaintiff pleads wrongful termination in violation of public policy . . . punitive damages may properly be factored into the amount-in-controversy calculation."). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

8

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

"instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking compensatory general damages of an amount at least equal to her alleged lost wages for her wrongful termination claim ($41,548). Utilizing the ratio of 3:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the general damages at issue in this action, the potential punitive damages award in this action is approximately **$124,644[7]**, even though Defendant denies that Plaintiff can ultimately establish the necessary conditions for obtaining exemplary damages.

18.    Thus, for the purposes of removal, the jurisdictional amount in controversy requirement is plainly met. Removal to this Court is proper under diversity of citizenship jurisdiction.

WHEREFORE, Defendant hereby removes this Action from the Superior Court of the State of California, County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: April 7, 2020                    HUNTON ANDREWS KURTH LLP


By: /s/ Matthew Bobb
    Andrea R. Calem
    Matthew Bobb
    D. Andrew Quigley
    Attorneys for Defendant
    SMITHFIELD PACKAGED
    MEATS CORP.

---

[7] Calculated at 3 x $41,548.

DEFENDANT SMITHFIELD PACKAGED MEATS CORP.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446